IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NELSON "BEN" RAYBURN and ANGELA KAY RAYBURN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:19-cv-00828 ) JUDGE RICHARDSON |
| JAMES ANDERSON and WILLIAM ANDERSON, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 28, "Motion"), supported by a Memorandum of Law (Doc. No. 29). Plaintiffs have filed a Response in Opposition (Doc. No. 33). For the following reasons, the Court will deny the Motion.

BACKGROUND

Plaintiffs have sued Defendants in this action for property damage relating to Defendants' spraying of pesticides. (Doc. No. 26). The parties were neighbors in Robertson County, Tennessee (*Id.* at ¶ 9). In May 2016, Mrs. Rayburn took a job with a company in Missouri. (Doc. No. 33 at 2). The Rayburns purchased property in Missouri and Mrs. Rayburn lived there full-time by the end of 2017. (*Id.*). After splitting time between the two properties, Mr. Rayburn and the Rayburns' son moved to Missouri in July 2018. (Doc. No. 29 at 2).

Plaintiffs first filed their lawsuit against Defendants on April 12, 2017, in the Chancery Court for Robertson County, Tennessee. (Doc. No. 29-1 at 45). On September 9, 2019, Plaintiffs took a voluntary nonsuit in that state court action. ( Doc. No. 29 at 2). Thereafter, on September

19, 2019, Plaintiffs filed this suit in federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. No. 1 at ¶ 5). Plaintiffs claim diversity jurisdiction is appropriate because they are citizens of Missouri and Defendants are citizens of Tennessee. (*Id.*). Defendants' pending Motion claims that Plaintiffs are still citizens of Tennessee. (Doc. No. 29 at 4-7).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Hale v. Morgan Stanley Smith Barney LLC,* __ F.3d ___, 2020 WL 7349246, at *1 (6th Cir. Nov. 18, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In other words, federal courts possess only the power authorized by the Constitution and federal statutes to adjudicate cases. *Id.* Therefore, subject-matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the party asserting subject-matter jurisdiction (here, Plaintiffs) bears the burden of establishing that such jurisdiction exists. *Hale*, 2020 WL 7349246, at *1.

Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Bruce v. McCarthy,* Case No. 3:20-cv-00087, 2020 WL 4883843, at *2 (M.D. Tenn. July 28, 2020) (citing *Golden v. Gorno Bros.,* 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack challenges the sufficiency of the pleading itself, requiring the Court to take allegations in the complaint as true. *Id.* A factual attack, on the other hand, is a challenge to the factual existence of subject-matter jurisdiction and requires the court to weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Id.*; *see also In re Flint Water Cases,* __ F. Supp. 3d __, 2020 WL 5077092, at *8 (E.D. Mich. Aug. 26, 2020).

Here, Defendants make a factual attack. In considering whether jurisdiction has been proved in the face of a factual attack, a trial court has wide discretion to allow affidavits, documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), *cited in Bennett v. MIS Corp.*, 607 F.3d 1076, 1087, n.11 (6th Cir. 2010). In evaluating a factual attack, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence to arrive at its decision of whether it has power to hear the case. *In re Flint Water Cases,* 2020 WL 5077092 at *8.

"A district court has subject-matter jurisdiction where the complaint (1) raises a federal question, or (2) where the parties have diversity of citizenship and the amount in controversy exceeds $75,000." *Wilson v. Allstate Ins. Co.*, No. 17-4248, 2018 WL 6422853, at *1 (6th Cir. June 25, 2018) (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), *cited in Spizizen v. Nat'l City Corp.,* 516 F. App'x 426, 429 (6th Cir. 2013).

"An individual is a citizen of the state of his or her domicile." *Tennessee Wellness, Inc. v. Holmes,* No. 3:20-CV-335, 2020 WL 6785100, at *2 (E.D. Tenn. Nov. 18, 2020) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). "Citizenship" for purposes of the diversity statute is synonymous not with "residence," but with "domicile." *Patel v. Hensell Chicken, LLC,* No. 2:20-cv-00281, 2020 WL 7260926, at *2, n.5 (M.D. Tenn. Dec. 10, 2020); *Mitchell v. Taylor,* No. 3:18-cv-01023, 2019 WL 5692147, at *3 (M.D. Tenn. Nov. 4, 2019). "To

acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.,* 47 F. App'x 726, 728 (6th Cir. 2002). Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there. *Lattimer v. Nationwide Mut. Ins. Co.*, No. 3:20-cv-028, 2020 WL 5810005, at *2 (S.D. Ohio Sept. 30, 2020) (citing *Von Dunser,* 915 F.2d at 1072). A person's previous domicile is not lost until a new one is acquired, and one can reside in one place but be domiciled in another. *Id.*

Courts consider several factors in determining a person's domicile, including: "[c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes." *Caffey v. Home Depot*, No. 3:14-0476, 2014 WL 1681705, at *2–3 (M.D. Tenn. Apr. 28, 2014) (citing 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. l984)).

## ANALYSIS

These factors heavily weigh in favor of finding that Plaintiffs are citizens of Missouri. Plaintiffs currently reside in Missouri, and while they have expressed a desire perhaps one day to return to Tennessee upon retirement, this is not enough to find that they do not have an "intent to remain indefinitely." That is to say, a "'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile." *Hawes*, 598 F.2d at 701 (citing *Gilbert v. David*, 235

U.S. 561, 569, (1915)); *see also Kendall v. Delong*, No. 3:20-CV-55-HBG, 2020 WL 2341159, at *7 (E.D. Tenn. May 11, 2020).[1]

Mrs. Rayburn is employed in Missouri and Mr. Rayburn farms there. (Doc. No. 33 at 5). They live there with their adult child, as to whom they filed and received an order from a Missouri state court to be appointed his conservators and guardians. (*Id.* at 2-3). Mrs. Rayburn is registered to vote in Missouri. (*Id.* at 7). All of Plaintiffs' vehicles are registered in Missouri, and their driver's licenses were issued by the State of Missouri (*Id.* at 5). These facts were all true when this action was filed in September 2019.

Asserting a lack of diversity of parties, Defendants argue, in pertinent part:

> Mrs. Rayburn stated that she has certain certificates of deposit with the Bank of Putnam County, Tennessee that she inherited upon her parent's death in 2012 and 2015. Mrs. Rayburn stated that her tax returns and W-2's from 2014-2017 listed their Portland, Tennessee address as their residence . . . [e]ven though, by the time the Plaintiffs would have filed their 2017 taxes, Mrs. Rayburn had purportedly lived in Missouri for several months. It was not until 2018 tax returns where they listed a Missouri address on their tax returns. *Id.*

(Doc. No. 29 at 6-7) (citations omitted). But in relying on the location of Plaintiffs' banking activity, Defendants ignore evidence of record indicating that Plaintiffs' banking activity otherwise is centered in Missouri. (Doc. No. 29-1 at 8-9, 31-32). And regarding the address stated on Plaintiffs' income tax-related documents, Defendants ignore that "[i]t has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *Wellgen Standard, LLC v. Maximum Legal Holdings, LLC,* No. 3:18-cv-00275, 2019 WL 1043395, at *1 (M.D. Tenn. Mar.

---

[1] *"*If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicil[e], it is to be deemed his place of domicil[e], notwithstanding he may entertain a floating intention to return at some future period." *Gilbert*, 235 U.S. at 569.

5, 2019). This action was filed in September 2019, by which time Plaintiffs' tax returns did list a Missouri address. This fact is more relevant than the fact that they previously listed a Tennessee address and is perfectly consistent with their position that they switched their residence from Tennessee to Missouri in the interim.

More generally, Defendants' argument does not adequately focus on the issue of whether, prior to the filing of this lawsuit, things had simply changed for Plaintiffs such that they became residents of Missouri with the intention to remain there indefinitely, even if not permanently. For example, Defendants rely on the following testimony of Mr. Rayburn:

> Q: And why did you buy the property in Warrensburg, Missouri?
>
> A: My wife got a job out in Kansas City and had been living out there, so we figured we might as well get a house there so we can be together.
> . . .
>
> Q: When is the last time you lived at the Bill Anderson Road property as your primary residence?
>
> A: July 23rd of 2018.
>
> Q: What's your plans with the [Tennessee] property?
>
> A: I wanted to retire there, and that's what our plan still is, is to retire there.
>
> Q: So live in Missouri until the wife gets through working?
>
> A: Until the work is--- yeah, until she's ready to retire. And that way we're fairly close to the farm in Putnam County.

(Doc. No. 29 at 4) (citations omitted). But none of this tends to show either that Plaintiffs did not reside in Missouri in September 2019 or that they did not have an intention to live there *indefinitely*.

At most, it shows that they did not intend to live in Missouri *permanently* and instead had what has been calling a "floating" intention to return to Tennessee.[2]

But to become domiciled in a new place of residence, a person need not intend to reside there permanently, as long as he or she intends to reside there *indefinitely. See, e.g.*, *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) ("There must be an intention to remain at the new residence indefinitely; it is not required that the intention be to stay there permanently."). As one district court put it cogently and correctly:

> "Domicile can be established by presence (residence) plus intent to remain permanently *or indefinitely.* In other words, the intent required to establish a new domicile need not be an intent to remain permanently in the new location, but only intent to remain there 'indefinitely.'" *E.g., Hall v. Curran*, 599 F.3d 70, 72 (1st Cir.2010)*; In re Ran*, 607 F.3d 1017, 1022 (5th Cir.2010)*.*
> 
> "Indefinite" means something different from "permanent." "[P]roof of intent to remain permanently is not the test for domicile. Rather, if the new state is to be one's home for an indefinite period of time, he has acquired a new domicile." *Frett–Smith v. Vanterpool,* 511 F.3d 396, 402 (3d Cir.2008) (citation and internal quotation marks omitted). In other words, when a natural person has not forsaken a previous state of residence but doesn't know when he will return, he has established a new domicile in his current state of residence.

*Name Intelligence, Inc. v. McKinnon*, No. 2:10-cv-01202-RCJ-GWF, 2011 WL 468452, at *3 (D. Nev. Feb. 4, 2011).

These principles are squarely on point here. And under those principles, the above-quoted testimony upon which Defendant relies actually helps Plaintiffs. It clearly suggests that, at the time

---

[2] It should go without saying that merely because a person hopes to retire to a jurisdiction different from the one in which he or she currently resides does not mean that he or she is not currently domiciled in their jurisdiction of current residence. If the rule were otherwise, the stereotypical northerner planning to retire someday to Florida after decades of enduring cold winters would lose his or her domicile in his or her northern state of longstanding residence—and, presumably, become domiciled in Florida— merely because of this plan. Such a rule would be absurd.

in question, Plaintiffs intended to reside in Missouri *indefinitely*—even while contemplating an eventual return to Tennessee—which is what matters.

Despite Defendants' efforts to show otherwise, based on the facts indicated by the current record, the applicable factors show decisively that by September 2019, when this action was filed (and, for that matter, apparently to this day), Plaintiffs were domiciled in Missouri because they resided there with the intention to live there indefinitely.

## CONCLUSION

As discussed herein, when this action was brought, Plaintiffs were citizens of Missouri, Defendants were citizens of Tennessee, and the amount in controversy was more than $75,000. Therefore, Defendants' Motion to Dismiss (Doc. No. 29) will be denied. An appropriate order will be entered.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE